[No. 12888–8–II.   Division Two.   December 10, 1990.]

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, ET AL, *Plaintiffs,* v. HIGHLANDS INSURANCE COMPANY, *Respondent,* PIERCE COUNTY, *Appellant.*

*Fredrick R. Burgess, Timothy R. Gosselin,* and *Burgess, Kennedy, Fitzer & Strombom, P.S.,* for appellant.

*William J. Price* and *Karr Tuttle Campbell; Craig H. Bennion* and *Cozen & O'Connor,* for respondent.

WORSWICK, J.—We hold that Highlands Insurance Company did not commit a Consumer Protection Act violation against Pierce County, and we affirm a summary judgment to that effect.

In 1986, the County was sued because of its allegedly negligent failure to investigate sexual abuse of children in certain day–care centers. The period of the claimed abuse was 1977 to 1984, during which the County carried liability insurance with six companies, including Highlands, and more than one policy with some.[1] The coverages and other provisions of the policies varied widely, and the policies did not remain the same throughout the period. The dates of claimed injuries were unclear, obscuring the companies'

---

[1] The other companies were The Insurance Company of the State of Pennsylvania, Granite State Insurance Company, Agricultural Insurance Company, Industrial Indemnity Company, and Indemnity Insurance Company of North America.

exposure. Companies in addition to Highlands were obligated to contribute to the County's defense expenses, but as defense expenses were incurred and billed, some companies refused to pay anything. This declaratory judgment action eventually became necessary to resolve these coverage questions. The County was not originally a party.

The Highlands' policy required it only to reimburse the County for attorneys fees, not to defend. When in 1987 the County demanded reimbursement by Highlands for all defense costs to date, the Highlands claims representative initially questioned Highlands' liability for the full amount, because Highlands believed only 46 percent of the claimed injuries occurred during its coverage period. Highlands nevertheless paid the full amount incurred to that date, $255,548.32. About 2 months later, the representative advised the County's risk manager essentially that Highlands continued to question its liability and would not honor further claims for defense costs. The County responded with a bill for another $167,000. After yet another 2 months, Highlands paid the County $75,000, but it paid nothing further until after all the insurance companies had settled the issue of their exposures.[2] It is apparent that, throughout the period of its correspondence with the County, Highlands hoped and expected that the other companies would contribute to the County's defense costs. It is equally apparent that Highlands was less than clear in explaining its position to the County, but also that the County was not receptive to explanations.

In August 1988, the issue this case was originally intended to resolve—the various companies' responsibilities—came before the Superior Court on motions for summary judgment. The court held that the policies of

---

[2]Through the date of the risk manager's affidavit in support of the County's claim, the County had incurred expenses, less the deductible, of $430,177.59. Of that amount, Highlands had paid the County $330,548.32, or roughly 77 percent. The unpaid balance totaled $99,629.27.

Highlands and the three nonpaying companies were triggered by injuries allegedly suffered by the day–care children, that the nonpaying companies were obligated to share with Highlands the cost of defending claims brought against the County, and that they also were obligated to reimburse Highlands for part of the defense costs that Highlands had already paid. The dollar amounts to be allocated were left for future determination.

Meanwhile, the County had intervened in the action. It focused its attention on Highlands, claiming not only a judgment for the remainder of its defense costs, but asserting a Consumer Protection Act claim as well. The County moved for summary judgment against Highlands for the balance of its defense costs and for additional damages caused by the alleged Consumer Protection Act violation. Highlands moved to dismiss the Consumer Protection Act claim.

During the proceedings involving the County, the insurance companies were negotiating the dollar amounts to be allocated in accordance with the court's earlier order. They settled the issue, whereupon Highlands agreed to the entry of judgment against it for the unpaid portion of the County's fees, together with interest to the date of judgment. A judgment was entered accordingly, but the court rejected the County's contention that the County was entitled to additional amounts as damages for a Consumer Protection Act violation, and it dismissed the County's Consumer Protection Act claim.[3]

Any Consumer Protection Act analysis requires a generalized excursion through the statute and the case law, but in this case, as in most cases involving insurance companies, the ultimate question is whether the company acted in bad

---

[3]At this point in the case, Highlands has paid all of the County's attorneys fees in the day–care litigation, together with interest on the past–due amount through the date of the agreed judgment. The only remaining damages alleged by the County are attorneys fees in this action. It also claims loss of use damages because of Highlands' delay in payment. It has, however, been compensated for loss of use in the form of interest on the late payments.

faith in handling the claim. We disagree with the County's contention that Highlands acted in bad faith. Highlands may have been mistaken or clumsy, but mistakes and clumsiness alone do not amount to bad faith.

An unfair or deceptive act in the conduct of any trade or commerce is unlawful (RCW 19.86.020), and it will afford the basis for a private lawsuit. RCW 19.86.090.[4] A private party must prove that (1) the defendant's act was unfair or deceptive; (2) it occurred in the conduct of any trade or commerce; (3) it affected the public interest; (4) an injury was sustained by the plaintiff in his business or property; and (5) the unfair or deceptive act was causally linked to the injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986). Highlands' acts affected no public interest, and they were not unfair or deceptive.

The County relies on RCW 48.01.030, which requires good faith dealing in insurance matters, because a violation of this statute satisfies per se the "public interest" element. *Hangman Ridge*, 105 Wn.2d at 791.[5] A violation occurs, however, only if the act is both unlawful and in violation of public policy. *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349 (1978). The denial of coverage or benefits, apparently the County's complaint here, is not in bad faith unless it is both frivolous and unfounded. *Miller v. Indiana Ins. Cos.*, 31 Wn. App. 475, 642 P.2d 769 (1982). Neither denial of coverage because of a debatable coverage

---

[4]RCW 19.86.090 states in part: "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 . . . may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: . . . .".

[5]RCW 48.01.030 states: "The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives rests the duty of preserving inviolate the integrity of insurance."

question nor delay, unaccompanied by an unfounded or frivolous reason, constitutes bad faith. *Felice v. St. Paul Fire & Marine Ins. Co.*, 42 Wn. App. 352, 711 P.2d 1066 (1985), *review denied*, 105 Wn.2d 1014 (1986). Although Highlands may have been mistaken, the extent of its responsibility was debatable, and the delay throughout was related to Highlands' attempts—albeit clumsy—to resolve the coverage issue. Therefore, Highlands' acts were not frivolous, nor was its position unfounded.[6]

Early on, Highlands informed the County that its policies carried a duty to indemnify, but not to defend, and that it based its position on a specific policy endorsement. A letter explaining Highlands' position was mailed to the County about 3 weeks after the County first notified Highlands that it had expended its deductible and would be looking to Highlands. Highlands then, in fact, began to pay some of the defense costs. It also arranged for a contribution to overall settlement of the case. This behavior did not amount to an unfounded or frivolous denial of benefits. Benefits were not denied, but were partially withheld while Highlands attempted to clarify its exposure. Highlands' agreement to the entry of a judgment for unpaid fees came after all of the companies had agreed to allocate the total insurance burden. The County argues also that Highlands acted in bad faith because, inasmuch as its obligation was joint and several, it should have paid immediately and then sought contribution from the other companies. We disagree. The County relies on *Prudential Property & Cas. Ins. Co. v. Lawrence*, 45 Wn. App. 111, 724 P.2d 418 (1986). That case, however, concerned a duty to defend (which the insurer had conceded on some claims) and, therefore, applies principles that are inapplicable when an insurer's

---

[6]A plaintiff can also satisfy the "public interest" element by showing a "likelihood that [others] have been or will be injured in exactly the same fashion". *Hangman Ridge*, 105 Wn.2d at 790. The County has not done so and probably could not. The County conceded at argument on the summary judgment motions that, in the past, Highlands had always paid the County's bills as they were submitted.

only duty is to indemnify. This argument by the County is but another variation on its general position: Highlands violated the Consumer Protection Act because, as it turns out, it was wrong in withholding payment. The County's position is incorrect. Highlands' ultimate liability is not in question. Rather, the issue is whether Highlands' actions were frivolous or unfounded when they occurred. Highlands may have made a mistake by not paying promptly and then seeking contribution, but that did not make its actions frivolous or unfounded considering the vexing coverage questions and the fact that other companies also had an obligation to contribute to defense costs.

■ Although the County's claim is defeated by the absence of the public interest element, we will also discuss the "unfair or deceptive practice" element as it relates to the facts of this case. That element is satisfied per se in an insurance case by the commission of any one of the 19 acts defined in WAC 284–30–330 as unfair or deceptive,[7] because such an act violates RCW 48.30.010(1), prohibiting anyone engaged in the business of insurance from engaging

---

[7]These rules are promulgated under RCW 48.30.010(2), which permits the insurance commissioner to define certain conduct as unfair or deceptive. The County cites the following provisions of WAC 284–30–330 as relevant to Highlands' behavior: "The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, specifically applicable to the settlement of claims:

"(1) Misrepresenting pertinent facts or insurance policy provisions.

"(2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

". . . .

"(4) Refusing to pay claims without conducting a reasonable investigation.

"(5) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

"(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. . . .

"(7) Compelling insureds to institute or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

". . . .

"(13) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

in unfair or deceptive practices.[8] *Industrial Indem. Co. of the Northwest, Inc. v. Kallevig,* 114 Wn.2d 907, 920–22, 925, 792 P.2d 520 (1990). *See also Evergreen Int'l, Inc. v. American Cas. Co.,* 52 Wn. App. 548, 558, 761 P.2d 964 (1988); *Escalante v. Sentry Ins. Co.,* 49 Wn. App. 375, 390, 743 P.2d 832 (1987), *review denied,* 109 Wn.2d 1025 (1988). Most of the acts the County identifies as pertinent to Highlands' behavior are policed by a standard of reasonableness.[9] Communication must be reasonably prompt. WAC 284–30–330(2). Claims investigations must be reasonable. WAC 284–30–330(4). Affirming or denying claims coverage must occur within a reasonable time of proof of loss. WAC 284–30–330(5). Prompt, fair, and equitable settlements must be attempted after liability is reasonably clear. WAC 284–30–330(6). Denial of a claim must be prompt and carry a reasonable explanation of the basis for the decision. WAC 284–30–330(13).

We noted earlier that Highlands' conduct was clumsy. Nevertheless, its behavior in sorting out responsibility and meeting the County's defense costs in this complicated case was not unreasonable. There was no commission of an unfair practice prohibited by the regulations. Accordingly, there was no violation of RCW 48.30.010 and, therefore, no satisfaction of the "unfair or deceptive trade practice" element of the act.

Because there was no violation of the act, the County cannot recover the attorney's fees under RCW 19.86.090.

---

[8]RCW 48.30.010 states in part: "(1) No person engaged in the business of insurance shall engage in unfair methods of competition or in unfair or deceptive acts or practices in the conduct of such business as such methods, acts, or practices are defined pursuant to subsection (2) [authorized rules] of this section."

[9]Two provisions do not specifically mention reasonableness. WAC 284–30–330(1) prohibits misrepresenting pertinent facts or policy provisions. Highlands did not. WAC 284–30–330(7) prohibits compelling insureds to institute litigation to recover amounts due by offering *substantially* less than the amounts ultimately recovered. Highlands had paid 77 percent of the defense costs at the time this litigation arose and was attempting to determine allocation of remaining costs among the other insurers.

The County's alternative theory for an award of attorney's fees is without merit.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

Reconsideration denied February 15, 1991.

Review denied at 116 Wn.2d 1032 (1991).