[No. 25390-5-I. Division One. May 13, 1991.]

FRANCISZEK P. STARCZEWSKI, ET AL, *Appellants,* v.
UNIGARD INSURANCE GROUP,
*Respondent.*

*Franciszek Starczewski,* pro se.

*Timothy Donaldson,* for respondent.

WEBSTER, A.C.J.—Franciszek and Janina Starczewski own property insured by Unigard Insurance Group that was

destroyed by a fire. The Starczewskis, pro se, appeal the trial court's findings of fact and conclusions of law concerning amounts due under Unigard's policy. Starczewskis assert that the trial judge erred in: (1) refusing to award prejudgment interest from the date of the fire, (2) declining to find that Unigard violated the Consumer Protection Act and award additional sums under the act, (3) valuing the "actual cash value" of the premises at only $50,000 as opposed to $61,000, (4) failing to award an amount for debris removal, (5) declining to award an amount for lost rents in excess of the limits stated in the policy, (6) failing to find that the Starczewskis lost their right to legally maintain a nonconforming duplex on their property, and (7) failing to recuse himself and improperly interjecting his biases into the decision. We affirm.

## FACTS

The Starczewskis own a duplex located at 2120 N.E. 54th Street in Seattle. On February 26, 1982, the duplex caught fire, and the southwest corner of the second floor and roof were destroyed. The Starczewskis had been renting out the duplex prior to the time of the fire.

In June of 1984 the trial court granted Unigard's motion to submit the fire loss to appraisal. The appraisers appointed by the Starczewskis withdrew, and the court eventually appointed one for them in 1986. The appointed appraisers then elected a third appraiser/umpire. The appraisers entered an award of $24,000 on June 27, 1986, plus $3,050 for lost rents. The Starczewskis' appraiser dissented from the award.

Condition 5 of Unigard's policy states:

**Loss Settlement.** Covered Property losses are settled at *actual cash value at the time of loss* but not exceeding the *amount necessary to repair or replace* the damaged property.

(Italics ours.) The $24,000 appraisal award was based on the "amount necessary to repair or replace the damaged property", not on "actual cash value at the time of loss".

Starczewskis contended that 50 percent of their property was destroyed and that the Seattle building code therefore required that they demolish their building and remodel it to conform with present building code standards. In 1986, when the $24,000 appraisal award came before Judge Otero[1] for approval, the Starczewskis argued for the first time that Unigard's policy obligated it to account for the cost of conforming the building to present code requirements in determining the "amount necessary to repair or replace". Confronted with this new issue, the trial court made no ruling and did not approve the award. Although the loss disputes continued, Unigard made advance payments to the Starczewskis in 1986 in the amount of the appraisal award, plus interest from the date of the award.

Charles Mertel was appointed judge pro tempore by stipulation of counsel and the case was tried without a jury on July 24–28 and September 1 of 1989. The court entered findings of fact and conclusions of law on November 9, 1990. It held as a matter of law that, under Unigard's policy, the "amount necessary to repair or replace" includes the cost of repairs necessary to conform with present building code requirements. The court found, however, that the evidence conflicted as to whether the City in fact would require the Starczewskis to tear down the existing building or, instead, permit them to maintain a nonconforming building. Nevertheless, the court factored the probable cost of complying with building code requirements into the "amount necessary to repair or replace" only for the purpose of determining the correct standard for measuring loss. Finding that the cost of repairing the Starczewskis' building would exceed "the actual cash value [of the building] at the time of loss", the court held that actual cash value was the correct standard to apply in determining the amount of loss.

---

[1] At the time of the proceeding, Judge Otero was named Shannon Wetherall.

## DISCUSSION

■ We first consider whether the court should review Unigard's claim that the trial court erred in awarding prejudgment interest. Starczewskis contend this court should not review Unigard's claim, because they did not receive timely notice of Unigard's cross appeal and the record on appeal does not contain the information necessary to review Unigard's claim. Unigard conceded during oral argument that it raised the prejudgment interest issue in its amended cross appeal and that the amended cross appeal was not timely filed. Thus, although we find that the record on appeal contains the information necessary to review Unigard's claim, we decline to accept review.

We next consider the Starczewskis' claim that the court should have awarded prejudgment interest from the date of the fire. Interest prior to judgment is allowable when the amount claimed is liquidated or can be determined by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). If the trial court had literally applied this rule, the Starczewskis would not have received any prejudgment interest whatsoever, since the amount of their loss based on "actual cash value" as opposed to "amount necessary to repair" was not determined until the date of the final judgment in 1989. The trial court awarded prejudgment interest according to its finding that the Starczewskis' loss *would have been liquidated* in 1986 had Unigard applied the correct standard for measuring loss.[2] Because we decline to hear Unigard's cross appeal, we do not decide whether the

---

[2] The trial court's conclusion of law 2 states:

"The sums due to plaintiffs were not liquidated in nature and required court discretion and reference to expert opinion. Additionally, plaintiffs were partially responsible for the delay in resolving the loss payable under the insurance policy. Prejudgment interest is therefore allowed plaintiffs only from August 1, 1986, the date the appraisal award was presented to Judge [Otero] of this court for approval."

court correctly applied the prejudgment interest rule. However, even if the trial court were correct in awarding prejudgment interest on an equitable as opposed to legal basis, the court correctly found that the Starczewskis contributed to the delay in liquidating their claims and, thus, were not entitled to prejudgment interest any earlier than 1986, when the original appraisal award was presented to Judge Otero for approval.[3]

■ We next consider whether Unigard violated provisions of the Consumer Protection Act. To prevail in a private action brought under the Consumer Protection Act, a plaintiff must establish that: (1) the defendant has engaged in an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest; (4) the plaintiff has suffered injury in his or her business or property; and (5) a causal link exists between the unfair or deceptive act and the injury suffered. *Industrial Indem. Co. of Northwest, Inc. v. Kallevig*, 114 Wn.2d 907, 920–21, 792 P.2d 520 (1990) (construing RCW 19.86.090 and citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986)). RCW 48.30.010(1) prohibits any person in the business of insurance from engaging in unfair or deceptive acts or practices in the conduct of such business, as such acts or practices are defined in regulations promulgated by the insurance commissioner. *See Kallevig*, at 922. Pursuant to the insurance commissioner's rule–making authority under RCW 48.30.010(2), the commissioner has defined several unfair methods of competition or unfair or deceptive acts or practices in the business of insurance. WAC 284–30–330. Committing any of the acts or practices defined in WAC 284–30–330 constitutes per se an unfair trade practice. *Kallevig*,

---

[3]Finding of fact 8 indicates that Starczewskis did not initially submit any repair bids as contemplated by the policy. Furthermore, finding of fact 12 indicates that the Starczewskis were requested to name their appraisal representative in 1983 pursuant to Condition 8 of the insurance policy and that they failed to do so until June of 1984.

at 923. The insured need only demonstrate a single violation of WAC 284–30–330. *Kallevig*, at 924–25. However, an incorrect denial of coverage does not constitute an unfair trade practice if the insurer had "reasonable justification" for denying coverage.[4] *Kallevig*, at 917.

The Starczewskis contend that Unigard has engaged in the unfair or deceptive act of

> Compelling insureds to institute or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

WAC 284–30–330(7).[5] Since Unigard offered the Starczewskis only the amount necessary to repair or replace their property as it existed before the fire and denied them any coverage for additional amounts necessary to repair or replace their property according to building code requirements, Unigard offered "substantially less" than the amount Starczewskis ultimately recovered. To establish a per se violation, however, we must find that Unigard had no reasonable justification for its conduct. Starczewskis assert that Unigard's reliance on *Gouin v. Northwestern Nat'l Ins. Co.*, 145 Wash. 199, 259 P. 387 (1927), in support of its argument that it had no duty to factor code requirements into the cost of repair was not reasonable, since the policy in *Gouin* specifically precluded coverage for such amounts.[6]

---

[4]We reject Starczewskis' contention that the test of whether an insurance company's actions were reasonable does not apply when the insurer has clearly engaged in conduct prohibited by WAC 284–30–330.

[5]Starczewskis also claim that Unigard "[f]ail[ed] to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies" and "[r]efus[ed] to pay claims without conducting a reasonable investigation." WAC 284–30–330(3), (4). We find no support for these arguments.

[6]In *Gouin*, the court held that the amount owed to the insured for property losses need not include sums for the cost of reconstruction according to changes required by city officials. *Gouin*, at 208. The court at page 208 found that the item of loss was not contemplated by the contract, which stated: "in no event, should the company be liable in excess of the cost required to repair or replace the

■■ We hold, as a matter of law, that the average person would believe that "the amount necessary to repair or replace the damaged property" includes the amount necessary to comply with mandatory building codes enacted after the policy was issued. *See Odessa Sch. Dist. 105 v. Insurance Co. of Am.*, 57 Wn. App. 893, 897, 791 P.2d 237 (1990) ("A policy is to be given a fair, reasonable, and sensible construction that comports with how it would be viewed by an average purchaser of insurance"). We also hold that Unigard may not rely on its exclusion of coverage for losses "resulting directly or indirectly from . . . any ordinance or law regulating the use, construction, repair, or demolition of property" to deny an insured amounts necessary to comply with building codes under a "repair or replace" type of clause. *See McDonald Indus., Inc. v. Rollins Leasing Corp.*, 26 Wn. App. 376, 380, 613 P.2d 800 (1980) (exclusionary clauses are strictly construed against the insurer and if a clause can be construed in two ways, the construction favorable to the insured must be adopted), *aff'd* 95 Wn.2d 909, 631 P.2d 947 (1981). Under the facts of this case, Unigard's exclusion would also be rendered ineffective by the "efficient proximate cause" rule, since any additional repair costs due to code requirements resulted predominantly from the fire, not from the enforcement of any ordinance or law. *See Safeco Ins. Co. of Am. v. Hirschmann*, 112 Wn.2d 621, 773 P.2d 413 (1989). We are unable to find, however, that Unigard's legal arguments thoroughly lacked reasonable justification. *See Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 659 P.2d 509 (1983), *modified*, 101 Wn.2d 830, 683 P.2d 186 (1984). We also note that the trial court made no finding as to whether the City would in fact require Starczewskis to tear down their building and replace it with one that conformed with the new building code requirements. We therefore conclude that Unigard did not violate the Consumer Protection Act. Nonetheless, any

building with material of like kind and quality of that with which it was originally constructed". *Gouin*, at 200.

future reliance on *Gouin* or other cases to deny an insured amounts necessary to comply with building codes under a "repair or replace" type of clause may give rise to a violation under the Consumer Protection Act.

We next address the Starczewskis' claim that the court erred as a matter of law in refusing to award them the amount of the policy limit. Unigard's policy does not entitle the insured to the face value of the policy. Rather, as previously discussed, property losses under Unigard's policy "are settled at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace the damaged property." Therefore, the court did not err as a matter of law in declining to award the amount of the policy limit.

Starczewskis next contend that the actual cash value of the loss was arbitrarily set at $50,000. One witness testified that the actual cash value was $25,195. Another estimated the value at $50,000 to $60,000. A third witness testified that the actual cash value was $61,000. A fourth witness testified that the actual cash value was $50,000. Based on this range, the court did not err in setting the value of actual loss at $50,000. "Where the trial court has weighed the evidence, appellate review is limited to determining whether substantial evidence supports the findings of the trial court." *Johnsen v. Petersen*, 43 Wn. App. 801, 804, 719 P.2d 607 (1986). Here, the trial court's findings are supported by the evidence.

Starczewskis further contend that failing to award them the policy limits of $61,000 would permit Unigard to benefit from having illegally overinsured the premises in violation of RCW 48.27.010. RCW 48.27.010 clearly applies to over–insurance, and does not purport to govern calculation of loss under property insurance policies.

We next consider whether the court erred in denying an award for debris removal. Unigard's policy states:

**2. Debris Removal**—We will pay the reasonable expense incurred by you for the removal of debris from a property loss

covered by this policy. Debris removal expense is included in the limit of liability applying to the damaged property.

The trial court's finding of fact 28 states:

*Plaintiffs' claim for loss due to cost of debris removal has not been supported by the evidence.* The court further finds that any allowance for debris removal is subsumed within the amounts necessary to effect repairs and finds that payment of the actual cash value of the property obviates coverage for such further award.

(Italics ours.) Since loss associated with debris removal is a separate item of damage in Unigard's policy, an award for property loss based on actual cash value does not preclude an award for debris removal. However, the Starczewskis have not shown this court any evidence in the record demonstrating losses associated with debris removal. A party seeking appellate review has the burden of providing the appellate court with all evidence in the record relevant to the issue before the court. *State v. Garcia,* 45 Wn. App. 132, 724 P.2d 412 (1986). The trial court's findings will be taken as verities if the party challenging them does not supply citations to the record in support of the challenges. *See Morris v. Woodside,* 101 Wn.2d 812, 815, 682 P.2d 905 (1984). Since Starczewskis have not supported their argument with citations to the record, the trial court's finding that their claim was not supported by the evidence must stand.

Starczewskis next claim that the court erred in refusing to award amounts beyond the limits stated in the policy for lost rents. Unigard's policy states: "**5. Rental Value**—You may use up to 10% of the Coverage A limit of liability for fair rental value, as described in Coverage D." Ten percent of the liability limit is $6,100, the amount that the trial court awarded. The trial court made no error.

█ Finally, we decide whether the trial judge should have recused himself and whether he exhibited bias.

A party may not speculate upon what rulings the court will make on propositions involved in the case and, if the rulings do not happen to be in his favor, then for the first time raise the issue on appeal.

*In re Carpenter,* 21 Wn. App. 814, 820, 587 P.2d 588 (1978). Unigard points out that the Starczewskis stipulated to having Judge Mertel hear their case and did not question his impartiality below. Because the Starczewskis stipulated to having Judge Mertel hear the case and made no allegations of partiality or bias below, they waived their right to raise these claims on appeal. *Henriksen v. Lyons,* 33 Wn. App. 123, 128, 652 P.2d 18 (1982), *review denied,* 99 Wn.2d 1001 (1983).

The judgment is affirmed.

PEKELIS and FORREST, JJ., concur.

Reconsideration denied June 14, 1991.