46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine A. McGREEVY, Plaintiff-Appellant,
v.
OREGON MUTUAL INSURANCE COMPANY, an Oregon corporation,
Defendant-Appellee.
 No. 94-35038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 11, 1995.
Decided: Jan. 13, 1995.
 
 1
 Before: WRIGHT, BRUNETTI, Circuit Judges, and KELLEHER*, District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff/Appellant Christine A. McGreevy (McGreevy) brought this action against Defendant/Appellee Oregon Mutual Insurance Company (Oregon Mutual), alleging that Oregon Mutual acted in bad faith as an insurer and violated the Washington Consumer Protection Act (WCPA), Wash. Rev. Code Secs. 19.86.010-19.86.920. Oregon Mutual moved for summary judgment, asserting that it had not acted in bad faith and it had not violated the WCPA. The district court granted Oregon Mutual's motion and McGreevy timely appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 4
 The material facts in this case are undisputed. William McGreevy died when he drove his automobile into a truck that had stalled. The driver of the truck was uninsured. William McGreevy had an uninsured motorist policy with Oregon Mutual that provided coverage of at least $100,000. Shortly after McGreevy submitted a claim, Oregon Mutual paid out $100,000, and proceeded with coverage litigation to determine the policy limits conclusively. In that separate litigation, the trial court confirmed coverage up to $400,000. McGreevy asserts no bad faith to that point.
 
 
 5
 At the time of the accident, William McGreevy's blood alcohol level was above the legal limit. Oregon Mutual's insurance policy allowed it to reduce any recovery by the percentage that the insured was at fault. Under Washington law, if the insured was more than fifty percent at fault, the insured was entitled to no recovery at all. McGreevy demanded that Oregon Mutual stipulate that damages totalled $400,000. Oregon Mutual refused to so stipulate, demanding, pursuant to the contract between McGreevy and Oregon Mutual, that an arbitrator decide the extent of the damages. The arbitrator found that the insured was thirty percent at fault and that net damages were $455,000.
 
 
 6
 McGreevy filed the current lawsuit, alleging that Oregon Mutual acted in bad faith and violated the Washington Consumer Protection Act by refusing to stipulate to damages of $400,000 before the arbitration. Oregon Mutual filed a motion for summary judgment, arguing it was reasonably justified in its actions. The district court granted Oregon Mutual's motion for summary judgment and this appeal followed.
 
 ANALYSIS
 
 7
 We review grants of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 8
 Common-law bad faith exists when an insurer's actions in handling a claim are "frivolous and unfounded." Insurance Co. of Pa. v. Highlands Ins. Co., 801 P.2d 284, 286 (Wash. Ct. App. 1990). No bad faith exists as a matter of law when the insurer acts with "reasonable justification." Gingrich v. Unigard Security Ins. Co., 788 P.2d 1096, 1101 (Wash. Ct. App. 1990). Similarly, the Washington Consumer Protection Act imposes liability when the insurer's actions "thoroughly lacked reasonable justification." Starczewski v. Unigard Ins. Group, 810 P.2d 58, 62 (Wash. Ct. App. 1991). Thus, if we find, as the district court did, that Oregon Mutual acted with reasonable justification, both claims fail without further analysis.
 
 
 9
 Oregon Mutual's justification qualifies as "reasonable," according to the standard set by the Washington Court of Appeals in Starczewski v. Unigard Ins. Group, 810 P.2d 58, 62 (Wash. Ct. App. 1991). In Starczewski, the insurer refused to cover additional amounts necessary to replace the Starczewskis' property according to building code requirements. Id. The insurer relied on an express exclusion of coverage for losses resulting from regulation of repairs. Id. The court found in favor of the Starczewskis on the coverage issue, but declined to find a violation of WCPA. Id. Although the court found the insurer's legal arguments were unpersuasive, it was unable to find the insurer's legal arguments thoroughly lacked reasonable justification. Id.
 
 
 10
 Likewise, in the instant case, the ultimate failure of Oregon Mutual's theory does not establish the lack of reasonable justification. See Insurance Co. of Pa., 801 P.2d at 286 (finding that it is not bad faith for insurer to take position that later turns out to be wrong). The district court properly determined that, because Oregon Mutual had a very strong argument that its liability should be zero, Oregon Mutual was justified in refusing to stipulate to damages. Oregon Mutual's justification was premised on the fact that William McGreevy was legally intoxicated at the time of the accident. In Washington, when the plaintiff's intoxication is a proximate cause of the accident, and the plaintiff is more than fifty percent at fault, the plaintiff cannot recover damages. Wash. Rev. Code Sec. 5.40.060. Oregon Mutual concluded that even if the arbitrator found William McGreevy fifty percent or less at fault, the arbitrator would find that William McGreevy's intoxication constituted a substantial comparative fault. See Wash. Rev. Code Sec. 4.22.005 (establishing pure comparative negligence system). Therefore, Oregon Mutual was reasonably justified in expecting that the $100,000 already tendered exceeded its liability on the policy.
 
 
 11
 A strong defense motivated Oregon Mutual to refuse to stipulate to $400,000 damages and to require that an arbitrator determine damages, and those actions were reasonably justified. For the same reason, Oregon Mutual was reasonably justified in refusing to negotiate further until the arbitration. Because Oregon Mutual's actions were reasonably justified, it did not act in bad faith, nor did it violate the WCPA. The district court did not err in granting summary judgment for Oregon Mutual.
 
 
 12
 McGreevy's final contention is that she should be entitled to the $53,000[1] in damages above the policy limits because Oregon Mutual acted in bad faith. In support of this contention she cites a Nebraska case allowing recovery of such excess in the event of bad faith on the part of the insurer. Braesch v. Union Ins. Co., 464 N.W.2d 769 (Neb. 1991). Because we find that Oregon Mutual's actions did not constitute bad faith, McGreevy is not entitled to the $53,000 above the policy limits.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The arbitrator found net damages of $55,000 in excess of the policy limit of $400,000. However, McGreevy on appeal seeks $53,000