FILED

NOT FOR PUBLICATION

MAY 24 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDA KABRICH,

Plaintiff-Appellant,

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

No.  14-35768

D.C. No. 2:12-cv-03052-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted May 18, 2017[**]
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and LEMELLE,[***] Senior District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Ivan L.R. Lemelle, Senior United States District Judge
for the Eastern District of Louisiana, sitting by designation.

Linda Kabrich appeals the district court's order denying her motion for summary judgment and granting the cross-motion for summary judgment filed by Allstate Property and Casualty Insurance Company ("Allstate"). This case arises out of water damage to Kabrich's personal property. Her Allstate insurance policy provided personal property protection up to $109,200 and stated that, in the event of a loss, Kabrich must provide a detailed proof of loss. Kabrich contracted with Rainbow International ("Rainbow") to store her damaged property (amounting to more than 15,000 individual items). Thereafter, Allstate repeatedly requested from Kabrich the approximate age and original cost of the damaged items. Even though she failed to provide this information, Allstate paid her $12,200. After Kabrich filed suit, Allstate sent three additional requests for information. A complete inventory was never provided. After Allstate's motion to compel requesting access to the property was granted, a contractor inspected it. Allstate concluded "that the value of cleaning or replacement [would] exceed the remaining contents limit of [Kabrich's] policy" and issued the remaining limits to Kabrich.

We review *de novo* a district court's ruling on cross-motions for summary judgment. *St. Surfing, LLC v. Great Am. E & S Ins. Co.*, 776 F.3d 603, 607 (9th Cir. 2014). "A grant of summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law.'" *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086-87 (9th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). Washington law applies in this diversity action. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Kabrich alleged breach of contract, bad faith, and violations of the Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA"). For bad faith, a plaintiff must show "duty, breach of that duty, and damages . . . caused" by the breach and that "the insurer's breach . . . was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). "The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds." *Id.* Under the CPA, "the plaintiff must show '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'" *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 49 (Wash. 2012). Nonetheless, "an incorrect denial of coverage does not constitute an unfair trade practice if the insurer had 'reasonable justification' for denying coverage." *Starczewski v. Unigard Ins. Grp.*, 810 P.2d 58, 61 (Wash. Ct. App. 1991); *see also Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 299 (Wash. 1997). Under the IFCA, an insured "who is unreasonably denied a

3

claim for coverage or payment of benefits by an insurer" may sue to recover actual damages and costs. Wash. Rev. Code § 48.30.015(1); *see also Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 479 (Wash. 2017).

Kabrich's only ground for Allstate's liability was "undue delay." Her claim for bad faith nevertheless fails because Allstate did not breach the insurance contract. *See Smith*, 78 P.3d at 1277. She argues that the money paid by Allstate directly to Rainbow cannot be used when calculating the total payments made under the policy, but Kabrich authorized direct payment to Rainbow and Washington case law provides that making insurance payments directly to contractors is "a reasonable course of conduct consistent with the duties [the insurer] assume[s]" under the policy. *Baldwin v. Silver*, 269 P.3d 284, 290 (Wash. Ct. App. 2011). Further, Allstate did not act unreasonably. It repeatedly requested additional information from Kabrich. Even though she failed to respond, in violation of her obligations under the policy, Allstate made an initial payment of $12,200. After Kabrich filed suit, Allstate made three additional requests for information. When Kabrich's contractor denied Allstate access to the property, the district court granted access. When Allstate realized that Kabrich was entitled to the policy limits, it tendered the amount remaining under the policy. The first part of a CPA analysis "is closely related to the bad faith standard that we have already

held was not satisfied," so, "[f]or essentially the same reasons . . . , we conclude that the district court appropriately dismissed the CPA claims . . . ." *Dewitt Constr. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1138 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc*. As to her IFCA claims, Kabrich argues that Allstate unreasonably denied payment. Allstate made payments totaling $251,113.13, including the $109,200 policy limit for personal property, even though Kabrich failed to comply with her policy obligations. Therefore, the district court appropriately granted summary judgment in favor of Allstate.

Kabrich asked the district court to certify a question to the Washington Supreme Court that depended on a finding of bad faith. "We review for abuse of discretion the district court's denial of a request to certify a question to a state supreme court." *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008). Allstate did not act in bad faith, so the district court did not abuse its discretion. We too decline to certify the question.

"Attorney fees under *Olympic* [*S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wash. 1991)] are available only when the insured prevails." *Hardy v. Pemco Mut. Ins. Co.*, 61 P.3d 380, 382 (Wash. Ct. App. 2003). Kabrich did not prevail and therefore is not entitled to fees or costs.

AFFIRMED.