IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF: | No. 87971-5-I |
| KRISTEN JEAN BERNOSKI. | DIVISION ONE |
| NANCY BRUSH, | UNPUBLISHED OPINION |
| Respondent, | |
| v. | |
| JANET BERNOSKI, | |
| Appellant. | |

COBURN, J. — Representing herself below and on appeal, Janet Bernoski challenges the trial court commissioner's order[1] removing her as guardian and claimed conservator for her adult sister Kristen Bernoski and appointing Nancy Brush as temporary full successor guardian and conservator for Kristen.[2] Because Janet's appeal is untimely under RAP 5.2 and she otherwise fails to support her arguments with citations to the record or authority as required under RAP 10.3(a)(6), we dismiss her

---

[1] Janet's notice of appeal does not designate an order as required under RAP 5.3, and instead designates an order dated March 24, 2025, of which none exists in the record. Brush asks this court to dismiss Janet's appeal on this basis. Because we dismiss the appeal under RAP 5.2 and RAP 10.3(a)(6), we need not address RAP 5.3 and exercise our discretion to characterize Janet's appeal to the best we can discern from her briefing. See RAP 1.2(a).

[2] For clarity, we use first names for individuals that share the same surname.

appeal.

## FACTS[3]

In August 2016 Janet was appointed as full guardian for her sister Kristen. In May 2024 Kristen received a Notice of Termination of Service requiring her to vacate the Greenwood Home residential facility, where she had lived for more than 15 years. Greenwood Home terminated Kristen's residence on the basis that Janet's behaviors compromised the level of care of the facility's residents. During Kristen's residence at the Greenwood Home, Janet mispresented conversations she had with the facility, questioned staff on the performance of managers that undermined the administration and created divisiveness amongst staff, threatened lawsuits and reports to state agencies, and acted in a disruptive manner to the detriment of Kristen and other residents.

Nancy Brush, who is also a sister to Kristen, subsequently filed a petition to remove Janet as Kristen's guardian and conservator and to appoint a successor guardian and conservator.[4] Brush noted her petition as an "[e]mergency [m]otion[ ]" on the commissioner's ex parte calendar. A hearing was held on July 22, 2024, at which Bernoski was present and represented herself pro se. After hearing argument from both

[3] The facts are largely derived from the findings underlying the commissioner's August 23, 2024, order removing Janet as guardian and appointing Bruch as successor guardian and conservator. Janet does not assign error to the commissioner's findings, thereby making them verities on appeal. In re Marriage of Drlik, 121 Wn. App. 269, 275, 87 P.3d 1192 (2004); see RAP 10.3(g) ("A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number. The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto.").

[4] The clerk's papers do not include the petition that initiated the commissioner's order that Janet challenges on appeal. The omission of the petition in the appellate record violates RAP 9.6(c)(1)(C).

parties, the commissioner decided he needed more information before making a decision and appointed a guardian ad litem (GAL) to investigate and provide a report and recommendations as to whether "the actions [Janet] has taken as Guardian and Conservator, or Guardian of Person and Estate, amount to breaches of her fiduciary duty or have so significantly impacted [Kristen's] circumstances that it would be otherwise appropriate that she be removed as Guardian and Conservator or Guardian of Person and Estate."

A subsequent hearing on the petition was held on August 22, at which Bernoski again appeared and represented herself. At the hearing, the GAL provided a summary of her findings and recommendations, and the commissioner heard additional argument from both parties. Brush's counsel argued that Janet was not Kristen's conservator and did not have authority to access her financial information. The following day, on August 23, the commissioner entered an order wherein it concluded that Janet "was appointed and has served only as full guardian of" Kristen and Janet was neither the full guardian of Kristen's estate nor the conservator for Kristen. The commissioner determined that Janet's "aggressive and confrontational" advocacy was detrimental to Kristen's best interest, Janet failed in her duties and obligations as Kristen's full guardian and "in her assumed role" as full guardian of Kristen's estate, and Janet's removal was in Kristen's best interest. The commissioner removed Janet as Kristen's full guardian and "alleged" conservator, revoked all letters of guardianship to Janet, and appointed Brush as temporary full successor guardian and conservator for Kristen under RCW 11.130.350 and RCW 11.130.565 of the Uniform Guardianship, Conservatorship, and other

3

Protective Arrangements Act.[5]

On February 24, 2025, the commissioner entered a judgment, ordering that Janet pay attorney fees and costs to the Kristen Bernoski Special Needs Trust with post-judgment interest. That same day the commissioner entered an order granting attorney fees to Brush under RCW 11.96A.150. On February 28 the commissioner ordered that Janet pay attorney fees and costs with post-judgment interest to Brush as conservator for Kristen's estate.

Janet appeals.

## DISCUSSION

As a preliminary matter, we observe that Janet represents herself on appeal. Though we acknowledge the inherent difficulties of self-representation, we hold pro se litigants to the same standards as licensed attorneys and expect them to follow the Rules of Appellate Procedure (RAPs). In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993); In re Est. of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hearings Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1)). The RAPs "govern proceedings in the Supreme Court and the Court of Appeals for review of a trial court decision." RAP 1.1(a). We liberally interpret these rules to promote justice and facilitate the decision of cases on the merits. RAP 1.2(a). However, a litigant's failure to comply with appellate procedure rules may preclude our review. See State v. Marintorres, 93 Wn. App. 442,

[5] Ch. 11.130 RCW.

4

452, 969 P.2d 501 (1999); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Timeliness

Janet contends that she was improperly removed as Kristen's guardian and conservator. Her appeal of the commissioner's August 23, 2024, order removing her as guardian and claimed conservator and appointing Brush as temporary full successor guardian and conservator is untimely.

Whether an appellant seeks to challenge a trial court's final decision or seeks discretionary review of an interlocutory order, the appellant must generally file a notice of appeal or notice for discretionary review within 30 days of entry of the trial court's order. RAP 5.2(a), (b). Here, Janet filed her notice of appeal on March 25, 2025, more than seven months after the commissioner entered the order removing her as guardian and claimed conservator. Janet has not asked us to enlarge the time to file her appeal and consider its merits. See RAP 18.8(b) ("The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal … [or] notice for discretionary review."). Therefore, Janet's appeal of the August 23, 2024, order is untimely under RAP 5.2.

It is not apparent from Janet's briefing whether she challenges any of the commissioner's subsequent orders designated on appeal. Janet's notice of appeal was not filed within 30 days of any of these subsequent orders except for the commissioner's February 28, 2025, judgment ordering Janet to pay attorney fees and costs to Brush as conservator for Kristen's estate. However, even if we could say that Janet seeks review of the February 28 judgment, her briefing is insufficient under RAP

5

10.3(a)(6).

## Insufficient Briefing

RAP 10.3 states the general requirements for the appellant's brief. RAP 10.3(a)(5) explains that the appellant's brief must include a "fair statement of the facts and procedure relevant to the issues presented for review, without argument. <u>Reference to the record must be included for each factual statement</u>." (Emphasis added.) RAP 10.3(a)(6) requires that the brief contain "argument in support of the issues presented for review, <u>together with citations to legal authority and references to relevant parts of the record</u>. … The court ordinarily encourages a concise statement of the standard of review as to each issue." (Emphasis added.) We need not consider arguments that are not supported by relevant references to the record, meaningful analysis, or citation to pertinent authority. <u>Norcon Builders, LLC v. GMP Homes VG, LLC</u>, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); <u>Cowiche</u>, 118 Wn.2d at 809. "'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" <u>Little</u>, 9 Wn. App. 2d at 274 n.4 (quoting <u>Holland v. City of Tacoma</u>, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)).

Janet does not provide any legal authorities in the statement of authorities section of her opening brief.[6] At the end of this section, Janet appears to summarize the designated record, providing a list of broad citations to transcript volumes and clerk's papers. Her brief is otherwise completely devoid of cites to the trial court record to support her various factual assertions and allegations. Without references to the record, we are unable to determine if any of her statements are supported by, or even based

---

[6] Janet did not submit a reply brief.

on, the record and issues before us.[7] "[W]e will not comb the record to find support for an appellant's argument." Fishburn v. Pierce County Planning & Land Services Dep't, 161 Wn. App. 452, 468, 250 P.3d 146 (2011).

Though Janet asserts that the commissioner abused its discretion in "critical rulings" and improperly "prevented evidence" she does not cite legal authority to support these bald claims. Her various broad and conclusory assertions, such as that the trial court violated her constitutional rights, lack reference to any controlling legal authority and are inadequate for this court's review. See West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012); see also Seven Gables Corp. v. MGM/UA Ent. Co., 106 Wn.2d 1, 14, 721 P.2d 1 (1986) ("'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'") (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir. 1970)). Much of Janet's brief seems to refer to separate matters, including claims that various individuals "will be prosecuted," and is unintelligible to the matter that she appears to appeal. Janet's failure to comply with the RAPs by providing citations to the record and reasoned argument with controlling legal authority makes it impossible to reach the merits of her appeal.[8]

Because Janet's appeal of the commissioner's August 23, 2024, removal order is untimely and her briefing violations preclude this court's review, we dismiss her appeal.[9]

---

[7] Janet also asks this court to subpoena medical records as well as staff records from the Greenwood Home. An appellant is limited to the record on appeal. See RAP 9.1(a) (stating that record on review consists of clerk's papers, a report of proceedings, and exhibits). Appellate courts do not issue subpoenas. The party seeking review has the burden of producing a record that provides the appellate court with all the relevant evidence necessary to decide the issues on appeal. Bulzomi v. Dep't of Lab. & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994); Starczewsky v. Uniguard Ins. Grp., 61 Wn. App. 267, 276, 810 P.2d 58 (1991).

[8] For this same reason, we do not consider Janet's bald request for attorney fees.

[9] Because we dismiss Janet's appeal for untimeliness and insufficient briefing, we need not consider Brush's argument that the removal order is not appealable under RAP 2.2(a).

Brush's Request for Appellate Attorney Fees

Brush requests attorney fees and costs under RAP 18.1(a) and RCW 11.96A.150 or, alternatively, under RAP 18.9(a). RAP 18.1(a) permits this court to award reasonable attorney fees to a party entitled to recover such fees under applicable law. RCW 11.96A.150(1) authorizes an appellate court the discretion to award costs, including attorney fees, in guardianship litigation "in such amount and in such manner as the court determines to be equitable." See In re Guardianship of Decker, 188 Wn. App. 429, 451-52, 353 P.3d 669 (2015); In re Guardianship of Mesler, 21 Wn. App. 2d 682, 719-20, 507 P.3d 864 (2022). The statute further provides that "[i]n exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved." RCW 11.96A.150(1). Janet has not filed a reply brief opposing Brush's request for fees. Because Janet's opening brief fails to meet appellate procedural requirements and does not provide any reasoned argument to support her appeal, we exercise our discretion under RCW 11.96A.150(1) to award reasonable appellate attorney fees and costs to Brush. We therefore need not reach her alternative request under RAP 18.9(a).

CONCLUSION

We dismiss Janet's appeal under RAP 5.2 and RAP 10.3(a)(6) and award Brush

reasonable attorney fees and costs subject to her compliance with RAP 18.1(d).

Coburn, J.

WE CONCUR:

Feldman, J.

Birk, J.