[No. 40258-1-II.   Division Two.   November 1, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. DERRICK ROBERT EVANS, *Appellant*.

*Carol A. Elewski*, for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Katherine L. Svoboda, Deputy*, for respondent.

¶1 VAN DEREN, J. — Derrick Robert Evans appeals his conviction for second degree identity theft. He contends that a corporation does not qualify as a "person" under the identity theft statute, RCW 9.35.020. He also contends that the inclusion of "corporation" in the definition of "person" in the relevant definitional statute, RCW 9A.04.110(17), is ambiguous or void for vagueness. We affirm.

## FACTS[1]

¶2 In October 2009, Evans was employed by Allube Incorporated, an automobile lubrication and mechanics business located in Grays Harbor County. On the afternoon of October 12, Evans complained to Kris Wright, the office manager, that he had hurt his hand while he was working on a car. Wright advised him to go to the hospital to have his hand checked. Before he left for the day, and without Wright's knowledge, Evans took a blank business check from the check register in the office.

¶3 Evans presented the check taken from the Allube office at Rent-A-Center Financial Services in Grays Harbor County where he had previously cashed Allube checks. The check was handwritten, made payable to Evans in the amount of $500, and purportedly carried the authorized signature of Kris Wright. The Rent-A-Center Services manager cashed the check. Evans completed the transaction without the permission or knowledge of anyone associated with Allube. When Wright reported the check missing, police interviewed Evans, who admitted that he had forged and cashed the Allube check.

¶4 On November 19, the State charged Evans with second degree identity theft in violation of RCW 9.35-.020(3). The information charged that Evans "did knowingly possess a means of identification and financial information of Allube Incorporated with the intent to commit or

---

[1] The parties agree that the relevant facts underlying Evans's conviction are undisputed and are accurately set forth in the trial court's findings of fact and conclusions of law.

aid[ ] or abet in the . . . crime of [t]heft and/or [f]orgery."
Clerk's Papers at 1.

¶5 Evans waived his right to a jury trial and proceeded to a bench trial. The trial court heard testimony regarding the above described events, resulting in a guilty verdict. Evans appeals.

## ANALYSIS

¶6 Evans first argues that the trial court erred in convicting him of identity theft because Allube is organized as a corporation and, thus, cannot qualify as a "person" under the plain language of the identity theft statute that he was charged with violating. We disagree.

### I. A Corporation Is a "Person"

¶7 "We review questions of statutory interpretation de novo," with the goal of effectuating the legislature's intent. *State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131, *cert. denied*, 131 S. Ct. 318 (2010). Our first step in interpreting a statute is to examine its plain language. *Gonzalez*, 168 Wn.2d at 263. A statute's "[p]lain meaning 'is to be discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.'" *Gonzalez*, 168 Wn.2d at 263 (quoting *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009)). If the statute is unambiguous, upon reviewing its plain meaning, our inquiry is at an end. *Gonzalez*, 168 Wn.2d at 263. Although a statute is ambiguous when it is susceptible to two or more reasonable interpretations, a statute is not ambiguous merely because different interpretations are conceivable. *Gonzalez*, 168 Wn.2d at 263.

¶8 Here our inquiry turns on what the legislature meant by the term "person" in the identity theft statute, RCW 9.35.020. When a statutory term is undefined, we give that word its ordinary meaning, and we may look to a

dictionary for such meaning. *Gonzalez*, 168 Wn.2d at 263. But when the legislature has defined a statutory term, "[t]he statutory definition of a term controls its interpretation." *State v. Morris*, 77 Wn. App. 948, 950, 896 P.2d 81 (1995); *see also State v. Smith*, 117 Wn.2d 263, 271, 814 P.2d 652 (1991) (" 'Words are given the meaning provided by the statute or, in the absence of specific definition, their ordinary meaning.' " (quoting *State v. Standifer*, 110 Wn.2d 90, 92, 750 P.2d 258 (1988)))).

¶9 Evans was charged with violating RCW 9.35-.020(3), which provides in relevant part, "A person is guilty of identity theft in the second degree when he or she violates subsection (1) of this section under circumstances not amounting to identity theft in the first degree." Subsection (1) of the statute provides, "No person may knowingly obtain, possess, use, or transfer a means of identification or financial information of another person, living or dead, with the intent to commit, or to aid or abet, any crime." RCW 9.35.020(1). In 2001, the legislature enacted a new section that provided definitions of certain terms to be used throughout the identity crimes chapter, 9.35 RCW. *See* LAWS OF 2001, ch. 217, §1; *see also* RCW 9.35.005 ("The definitions in this section apply throughout this chapter unless the context clearly requires otherwise."). RCW 9.35.005(4) provides that " '[p]erson' means a person as defined in RCW 9A.04.110." RCW 9A.04.110(17) provides, " 'Person', 'he or she', and 'actor' include any natural person and, where relevant, a corporation, joint stock association, or an unincorporated association."[2]

¶10 We are bound by the statutory definition of "person," which expressly includes a corporation, and which the legislature incorporated into the identity theft statute as explained above. Accordingly, Evans's contention that a

[2] The legislature amended RCW 9A.04.110, effective July 22, 2011, with two different acts. Senate Bill 5045 added gender neutrality ("he or she") to subsection 17, but it did not alter its substantive definition of "[p]erson." LAWS OF 2011, ch. 336, § 350. Substitute House Bill 1188 did not affect subsection 17. LAWS OF 2011, ch. 166, § 2.

corporation cannot qualify as a person for purposes of the identity theft statute fails.

## II. RULE OF LENITY

¶11 Evans next contends that even if we are bound by the statutory definition of "person," the phrase "and, where relevant, a corporation" in RCW 9A.04.110(17)'s definition of "person" renders the inclusion of the term "corporation" within that definition contingent and, thus, ambiguous, thereby triggering application of the rule of lenity. Again, we disagree.

¶12 If a statute is subject to more than one *reasonable* interpretation, it is ambiguous; and the rule of lenity requires us to interpret an ambiguous criminal statute in the defendant's favor absent legislative intent to the contrary. *State v. Mandanas*, 168 Wn.2d 84, 87-88, 228 P.3d 13 (2010). But the proffered alternative interpretation must be reasonable. *See State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999) ("While a statute is ambiguous if it is susceptible to two or more reasonable interpretations, it is not ambiguous merely because different interpretations are conceivable."); *see also W. Telepage, Inc. v. City of Tacoma Dep't of Fin.*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000) ("A statute is ambiguous if it can be *reasonably* interpreted in more than one way" and a reviewing court "[is] not obliged to discern an ambiguity by imagining a variety of alternative interpretations.").

¶13 Evans argues that the phrase "where relevant" renders the inclusion of corporation in the definition of "person" in RCW 9A.04.110(17) inherently ambiguous; and such ambiguity is particularly acute here because the identity theft statute's reference to "another person, living or dead," clearly refers to a natural person. RCW 9.35-.020(1). We are not convinced that the legislature's use of the phrase "where relevant" results in an ambiguity. *See State v. Taplin*, 55 Wn. App. 668, 670, 779 P.2d 1151 (1989)

("The parties' ability to argue two interpretations of a statute does not necessarily render the statute ambiguous.").

¶14 As we discussed above, the legislature expressly incorporated the general definition of "person" contained in RCW 9A.04.110 into the identity crimes chapter. The definitions appearing in RCW 9A.04.110 expressly apply throughout the Washington criminal code. *See* RCW 9A.04-.110 (definitions apply "[i]n this title [Title 9A, Washington Criminal Code] unless a different meaning plainly is required"). Thus, the definitions must accommodate a range of crimes, some of which can involve only natural persons,[3] and others that may involve both natural persons and business entities, such as crimes concerning possessory interests in property.[4] Thus, the "where relevant" provision of RCW 9A.04.110(17) that incorporates business entities into the definition of "person" has no logical application in crimes describing sex offenses because those crimes require physical attributes. *See, e.g.,* RCW 9A.44.010(1), (2) (defining "[s]exual intercourse" and "[s]exual contact," respectively).

¶15 But a corporation can have possessory interest in tangible property, as well as proprietary interest in its financial and other information, and it can suffer from the theft of such property. Accordingly, the "where relevant"

---

[3] Examples include sex offenses such as first degree rape of a child, RCW 9A.44.073(1), which prohibits "[a] person" from having sexual intercourse "with another [person]" where the victim is under 12 years of age and the perpetrator is at least 24 months older than the victim.

[4] For example, the second degree burglary statute, RCW 9A.52.030(1), prohibits "[a] person" from entering or remaining unlawfully in a building with intent to commit a crime against "a person" or property therein. *See also* RCW 9A.56.060(1) (defining unlawful issuance of checks or drafts that prohibits "[a]ny person" from making and delivering a check to "another person" with intent to defraud, while knowing that the bank upon which the check is drawn has insufficient funds to meet such check); *see also* RCW 9A.48.060(a) (providing a defense to first or second degree reckless burning where a defendant can establish that "[n]o person" other than the defendant had a possessory or pecuniary interest in the damaged or threatened property, or that such "other persons" consented to defendant's conduct); *see also* RCW 9A.56.070(1) (defining first degree taking a motor vehicle without permission in relevant part as "[a] person" taking a vehicle without the permission of the owner or "person" entitled to possession).

provision does not result in ambiguity; rather it adds necessary flexibility in defining the scope of "person[s]" involved in specifically defined crimes across the gamut of the Washington criminal code. RCW 9A.04.110(17). We hold that the definition of "[p]erson" in RCW 9A.04.110(17) is not ambiguous in the present context. Accordingly, because the statute is not ambiguous, the rule of lenity is not available. *In re Pers. Restraint of Stenson*, 153 Wn.2d 137, 149 n.7, 102 P.3d 151 (2004) (rule of lenity requires reviewing court to interpret only ambiguous criminal statutes in the defendant's favor).

III. VAGUENESS CHALLENGE

¶16 Evans alternatively argues that the "where relevant" language renders the definitional statute void for vagueness. Again, we disagree.

¶17 The due process vagueness doctrine under U.S. Const. amend. XIV, § 1 and Wash. Const. art. I, § 3 serves two important purposes.[5] It provides citizens with fair warning of what conduct they must avoid, and it protects them from arbitrary or discriminatory law enforcement. *State v. Halstien*, 122 Wn.2d 109, 116-17, 857 P.2d 270 (1993). Accordingly, a criminal prohibition is void for vagueness under the due process clause if it fails either (1) to define the offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited or (2) to provide ascertainable standards of guilt to protect against arbitrary enforcement. *State v. Allenbach*, 136 Wn. App. 95, 100-01, 147 P.3d 644 (2006); *City of Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990).

¶18 We presume that a statute is constitutional, and the party asserting a vagueness challenge bears the

---

[5] Evans has offered no argument addressing why the due process clause in our state constitution should be construed differently than in our federal constitution. Accordingly, we apply federal due process principles as addressed in Washington case law precedent. *See State v. Halstien*, 122 Wn.2d 109, 116 n. 3, 857 P.2d 270 (1993).

heavy burden of proving the statute's unconstitutionality beyond a reasonable doubt. *Allenbach*, 136 Wn. App. at 100. Moreover, "impossible standards of specificity are not required." *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366 (1988). As our Supreme Court has said:

> [A] statute is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct. As th[e Washington Supreme C]ourt has previously stated, "[I]f men of ordinary intelligence can understand a penal statute, *notwithstanding some possible areas of disagreement*, it is not wanting in certainty."

*Eze*, 111 Wn.2d at 27 (one alteration and emphasis in original) (internal quotation marks omitted) (quoting *State v. Maciolek*, 101 Wn.2d 259, 265, 676 P.2d 996 (1984)). Thus, "the presumption in favor of a law's constitutionality should be overcome only in exceptional cases." *Eze*, 111 Wn.2d at 28.

¶19 Evans does not challenge the constitutionality of the identity theft statute, RCW 9.35.020, under which he was charged. He contends only that the "where relevant" phrase in RCW 9A.04.110(17)'s definition of "person" is vague. But "[w]e do not look at the language of a challenged statute in a vacuum; rather, we consider its entire context." *Allenbach*, 136 Wn. App. at 101. Evans fails to show that a person of common intelligence could not understand what conduct is prohibited. "A statute is not rendered unconstitutional if the general area of conduct against which it is directed is made plain." *Maciolek*, 101 Wn.2d at 266. All that is necessary is that the statutes in question "are directed at identifiable articulable conduct, have a reasonably definite focus[,] and do not encourage arbitrary enforcement." *Maciolek*, 101 Wn.2d at 269. The statute at issue here meets these requirements.

¶20 The improper taking or use of another's financial or identifying information with the intent to facilitate a crime is both the focus and gravamen of the charged offense. *See*

RCW 9.35.020(1), (3). The prohibited conduct is clearly identified and easily understood. That a corporation would also have financial and identifying information of the type protected by the identity theft statute, and that the corporation, too, would suffer from such information being improperly taken and misused, are not foreign concepts to the average citizen. Thus, the inclusion of "corporation" within the definition of "person" in this context is both logical and "relevant." RCW 9A.04.110(17). Accordingly, such inclusion is appropriately provided for by the "where relevant" provision of RCW 9A.04.110(17). The proviso does not result in a vagary as Evans contends.[6]

IV. ARBITRARY ENFORCEMENT CHALLENGE

¶21 Evans also argues that the "where relevant" language in RCW 9A.04.110(17) renders the statute subject to arbitrary enforcement. This argument also fails.

¶22 "What is forbidden by the due process clause are criminal statutes that contain *no standards* and allow police officers, judge, and jury to subjectively decide what conduct the statute proscribes or what conduct will comply with a statute in any given case." *Maciolek*, 101 Wn.2d at 267 (emphasis added). There is no absence of legally fixed standards here. RCW 9A.04.110(17) logically incorporates listed business entities, including corporations, into the identity theft statute, and the identity theft statute in turn provides legally fixed standards for judge and jury to decide what is or is not prohibited.

---

[6] Even if we agreed with Evans that the "where relevant" language at issue might generally create a measure of uncertainty about the inclusion of corporations in the definition of "person," a proposition that we reject, Evans has failed to carry his burden. " '[T]here are statutes which contain both precisely worded prohibitions and prohibitions of uncertain application, and such a statute, though potentially vague as to some conduct, may nevertheless be constitutionally applied to one whose act clearly falls within the statute's hard core.' " *Maciolek*, 101 Wn.2d at 266 (alteration in original) (internal quotation marks omitted) (quoting *City of Bellevue v. Miller*, 85 Wn.2d 539, 541, 536 P.2d 603 (1975), *abrogated on other grounds in State v. Smith*, 111 Wn.2d 1, 13-14, 759 P.2d 372 (1988)).

¶23 We reject Evans's vagueness challenge because the identity theft statute, RCW 9.35.020(1), (3) and the relevant definitional statute, RCW 9A.04.110(17) (defining "person"), are directed at identifiable articulable conduct, have a reasonably definite focus, and do not encourage arbitrary enforcement. *Maciolek*, 101 Wn.2d at 268-69.

¶24 We affirm.

HUNT and JOHANSON, JJ., concur.

Review granted at 173 Wn.2d 1031 (2012).