# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| FEDERAL MAE a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns, | ) ) ) ) ) | No. 73937-9-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) ) | |
| RONALD AND KATHLEEN STEINMANN, | ) ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: <u>November 23, 2015</u> |

SPEARMAN, C.J. — This appeal stems from an unlawful detainer action. Ronald and Kathleen Steinmann defaulted on a residential loan and their house was sold at a trustee's sale. The Steinmanns refused to vacate and the purchaser of the home, Federal National Mortgage Association (Fannie Mae), brought an unlawful detainer action. The trial court granted summary judgment to Fannie Mae. Division Two of the Court of Appeals affirmed and awarded attorney fees to Fannie Mae. Our Supreme Court accepted review on the issue of attorney fees only. The Supreme Court vacated the fee award and remanded to the trial court to process the writ of restitution. On remand, the Steinmanns moved to vacate the judgment. They appeal the denial of that motion. Finding no error, we affirm.

## FACTS

The background facts are unchanged and undisputed. We therefore refer to the facts provided by the Court of Appeals on the Steinmanns' previous appeal.

The Steinmanns defaulted on a home loan secured by a deed of trust. Mae v. Steinmann, 176 Wn. App. 1021 (2013) review granted, decision vacated in part, Fannie Mae v. Steinmann, 181 Wn.2d 753, 336 P.3d 614 (2014). When they failed to cure the default, a foreclosure sale was scheduled. Id. at 1. The Steinmanns took no action to enjoin or restrain the sale. Fannie Mae, 176 Wn. App. 1021 at 2. Fannie Mae, who was not a party to the deed of trust, purchased the home. Id. at 1. The Steinmanns refused to vacate and Fannie Mae brought an unlawful detainer action. Id. The Steinmanns defended by asserting that the trustee's sale was void and Fannie Mae had no right to the property. Id. The trial court granted summary judgment to Fannie Mae and issued a writ of restitution. Id.

On appeal, Division Two affirmed and awarded Fannie Mae attorney fees. Id. at 4. The court noted that the Steinmanns challenged the trustee's sale for the first time in their answer to Fannie Mae's unlawful detainer action. Id. at 3-4. Relying on Cox v. Helenius, 103 Wn.2d 383, 388, 693 P.2d 683 (1985), the court concluded that once begun, the only means to avoid a foreclosure sale is by a motion for an injunction pursuant to RCW 61.24.030. Fannie Mae, 176 Wn. App. 1021 at 2. That provision "allows a grantor or borrower to seek to enjoin or restrain a sale 'on any proper legal or equitable ground.'" Id. (quoting Plein v. Lackey, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003)). The court rejected the appeal, holding that "because the Steinmanns failed to restrain the foreclosure sale, they waived the ability to invalidate the sale" in an unlawful detainer action. Id. at 1.

The day before Division Two filed its opinion, Division One published Bavand v. OneWest Bank, F.S.B., 176 Wn. App. 475, 309 P.3d 636 (2013), in which it held a

trustee's sale invalid because the trustee was not properly appointed by the holder of the note. The Steinmanns filed a motion for reconsideration and a motion for adding additional evidence, arguing that their case was analogous to Bavand. The Steinmanns stated that they had retrieved documents showing that in their case, as in Bavand, the trustee was appointed before the beneficiary had received the assignment of deed of trust from its predecessor. The Court of Appeals denied the Steinmanns' motions without comment. The Steinmanns appealed and our Supreme Court accepted review on the issue of attorney fees only. The Court vacated the award of attorney fees and remanded to the trial court to execute the writ of restitution.

On remand, the Steinmanns moved to vacate the judgment under CR 60(b)(11). Appellant's brief at 10. They reasserted their argument that documents prepared in connection with the foreclosure sale of their home showed that their case was factually similar to Bavand. And because Bavand, established as a matter of law, the invalidity of a foreclosure sale on these facts, the sale on their home was likewise invalid. They contended this was an extraordinary circumstance warranting relief under CR 60(b)(11) because the import of the documents establishing the invalidity of the sale only became clear when the Bavand decision was published. The trial court rejected the argument, concluding the fact "that a case comes up that seems to make the evidence more meaningful" does not constitute extraordinary circumstances sufficient to "countervail[] the interest in finality. . . ." Verbatim Report of Proceedings (VRP) at 7. The Steinmanns appeal.[1]

---

[1] The Steinmanns also asserted grounds to vacate under CR 60(b)(3) and (6) and moved for a new trial under CR 59. They do not appeal the denial of the motion to vacate on these grounds or the motion for a new trial.

3

## DISCUSSION

We review a trial court's decision on a motion to vacate for an abuse of discretion. In re Marriage of Tang, 57 Wn. App. 648, 653, 789 P.2d 118 (1990) (citing In re Adamec, 100 Wn.2d 166, 173, 667 P.2d 1085 (1983)). The trial court's decision will only be disturbed "if there is a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons." Moreman v. Butcher, 126 Wn.2d 36, 40, 891 P.2d 725 (1995) (citing State ex rel Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Review of a decision on a motion to vacate is limited to the decision on the motion, not the underlying judgment. Bjurstrom v. Campbell, 27 Wn. App. 449, 450–51, 618 P.2d 533 (1980). The exclusive procedure to attack an allegedly defective judgment is by appeal from the judgment, not by appeal from a denial of a CR 60 motion. Id.; RAP 2.2(a)(10) (appeal allowed from ruling on motion to vacate); RAP 2.4(c) (appeal from CR 60 ruling does not bring the final judgment up for review).

The Steinmanns argue that the trial court erred in denying their motion to vacate based on CR 60(b)(11). CR 60(b)(11) is a catch-all provision that permits vacating judgment for "[a]ny other reason justifying relief . . . ." The rule is confined to "'situations involving extraordinary circumstances not covered by any other section of the rule.'" Flannagan v. Flannagan, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985) (quoting State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)). The extraordinary circumstances must involve "'irregularities which are extraneous to the action ... or go to the question of the regularity of its proceedings.'" Id., (quoting Keller at 141).

4

The Steinmanns contend that the trial court abused its discretion when it rejected their argument that extraordinary circumstances warranted granting them relief under CR 60(b)(11). Relying on Flannagan, they argue that proceedings to vacate judgments are equitable in nature, and the trial court erred by not balancing the equities. As part of balancing the equities, they assert that the court was required to consider whether evidence of the invalidity of the foreclosure sale overcame the interest in finality of the judgment. They further urge that the court should have considered the injustice of evicting the Steinmanns from their home and the "chaos" caused by the carelessness of the banking industry. Brief of Appellants at 13, 24-25.

The Steinmanns' argument fails because, while CR 60(b)(11) is an equitable remedy, it is only available in extraordinary circumstances. Flannagan, 42 Wn. App. at 221. In Flannagan, the court considered a 20-month period of time between the United States Supreme Court's decision in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and the passage of legislation in response to that decision. Flannagan, 42 Wn. App at 215-216. Before and after, but not during, that period, military pensions were distributable as community property in marriage dissolution decrees. Flannigan, 42 Wn. App. at 219, 223. The Flannagan court emphasized the importance of finality of judgments, but held that the circumstances surrounding the changes in the law were sufficiently extraordinary to permit the vacation of decrees entered during those 20 months under CR 60(b)(11). Id. at 215, 222-23 (describing the four factors that combined to make the circumstances extraordinary as: (1) the speed with which Congress enacted the law, (2) the congressional intent to remove all ill effects of McCarty, (3) the anomaly of allowing division of military retirement pay before and after

but not during the McCarty period, and (4) the limited number of dissolutions finalized during that period). No such extraordinary circumstances are present in this case.

Moreover, the underlying premise of the Steinmanns' argument, that the foreclosure sale of their home is invalid because their case and Bavand are factually similar, is not supported by the record. It is well settled that the only means for a homeowner to avoid a foreclosure sale, once begun, is by seeking to enjoin or restrain the sale under RCW 61.24.130. Cox, 103 Wn.2d at 388. Significantly, Bavand did so, the Steinmanns did not. In addition, Bavand sought relief against the parties who actually mishandled the foreclosure sale. In contrast, the Steinmanns seek relief against Fannie Mae, who other than purchasing the property, is not alleged to have had any role in the purported mishandling of the sale. Accordingly, we conclude the trial court did not abuse its discretion in finding no sufficiently extraordinary circumstances requiring vacation of the judgment under a CR 60(b)(11) motion. There was no error.[2]

Fannie Mae requests an award of attorney fees on appeal under RAP 18.1 and RCW 4.84.185 for having to defend against the Steinmanns' frivolous appeal. An appeal is frivolous if it "is so totally devoid of merit that no reasonable possibility of reversal exists." Hernandez v. Stender, 2014 WL 10598094 (2014) at *4 (citing Protect the Peninsula's Future v. City of Port Angeles, 175 Wn. App. 201, 220, 304 P.3d 914, review denied, 178 Wn.2d 1022, 312 P.3d 651 (2013)).

---

[2] We also reject the Steinmanns arguments that they did not waive their right to challenge the trustee's sale, that the beneficiary and trustee violated the Deeds of Trust Act, that the trustee's sale is void, and that any order affirming the sale is also void. These arguments are not relevant to the trial court's denial of the motion to vacate and we do not consider them here. Bjurstrom, 27 Wn. App. at 450-51 (review of a motion to vacate is limited to the decision on that motion).

The Steinmanns offered no argument against awarding Fannie Mae its attorney's fees on the ground of frivolousness.[3] We conclude that the issues asserted on appeal are meritless and the Steinmanns had no reasonable possibility of prevailing on any issue. We hold that their appeal is frivolous and award attorney fees and costs to Fannie Mae.

Fannie Mae also requests that we enjoin the Steinmanns from further appeals and litigation in this matter. Washington courts have the authority to control the conduct of litigants who disrupt or abuse the judicial process, including the authority to enjoin a party from further litigation. Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). But mere litigiousness is not sufficient to warrant such an injunction. Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981). Because we conclude that the relief requested is not warranted in this case, it is denied.

Affirmed.

WE CONCUR:

---

[3] The Steinmanns did not file a reply brief.