# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHARLES PARSONS and CAROL PARSONS, husband and wife, | No. 49324-1-II |
| Respondents, | |
| v. | |
| JOHN PAUL MIERZ, and any additional tenants in possession of the premises located at 40014 Templin Road, Space 9, Roy, WA 98580, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — John P. Mierz appeals the trial court's award of attorney fees under the Residential Landlord-Tenant Act of 1973 (RLTA)[1] to Charles and Carol Parsons.[2]  Because the RLTA does not apply to this case, the trial court erred by awarding the Parsons attorney fees.  We reverse and remand.

---

[1] Chapter 59.18 RCW.

[2] Mierz also challenges the trial court's conclusion that "[o]n all issues of law, the court finds in favor of the plaintiffs."  Clerk's Papers at 20; Br. of Appellant at 2.  Mierz has not provided any substantive argument regarding specific legal conclusions other than those concerning attorney fees.  Therefore, we do not address this assignment of error.  RAP 10.3(a)(6); *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013).

FACTS[3]

The Parsons own Harts Lake Resort ("Resort") located in Pierce County. Mierz occupied "Space 9" at the Resort. He had a motor home there. By oral agreement, Mierz paid the Parsons for utilities and a monthly rent of $365. Mierz's motor home was not a permanent structure at the Resort.

The Parsons served Mierz with written notice terminating his month-to-month tenancy, effective April 30, 2016. Mierz continued to occupy the premises. He did not pay rent or utilities for May, June, or July, accumulating $1,095 in past due rent and $180 in unpaid utilities. The Parsons filed an unlawful detainer action.

After a bench trial, the trial court entered judgment in favor of the Parsons, terminating Mierz's tenancy. The trial court ruled in favor of the Parsons for past due rent, utilities, and possession of the premises.

When the Parsons requested fees and costs, Mierz argued that the RLTA, the only basis for fees and costs, did not apply to the unlawful detainer action. The trial court scheduled another hearing on the issue of fees and signed a writ of restitution, but it held off on issuing findings of fact or conclusions of law until resolution of the attorney fees issue.

At the hearing, the Parsons moved for an award of $8,043.50 in attorney fees and $1,110.95 in costs under the RLTA. Mierz argued that the trial court should deny the Parsons' request for fees because the RLTA did not apply to the unlawful detainer action. He argued that neither party could be classified as a "landlord" nor a "tenant" under the RLTA and, therefore, it did not apply.

---

[3] Because Mierz does not challenge the court's findings of fact, they are considered verities on appeal. *State v. Lohr*, 164 Wn. App. 414, 418, 263 P.3d 1287 (2011).

The trial court concluded that the Resort was an RV Park and that Mierz's eviction occurred pursuant to the RLTA. The trial court reasoned that the RLTA applied because the term "dwelling unit" included a structure used as a home and a "landlord" meant the owner or lessor of the dwelling unit or "the property of which it is a part." Report of Proceedings (July 29, 2016) at 9. Therefore, the trial court entered judgment against Mierz and awarded the Parsons $7,500 in attorney fees and $1,110.95 in costs.

Mierz appeals.

## ANALYSIS

### I.    STANDARD OF REVIEW

"In Washington, '[a]ttorney fees may be recovered only when authorized by statute, a recognized ground of equity, or agreement of the parties.'" *Wiley v. Rehak*, 143 Wn.2d 339, 348, 20 P.3d 404 (2001) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 742-43, 929 P.2d 1215 (1997)). Whether a statute authorizes an award of attorney fees is a question of law we review de novo. *Niccum v. Enquist*, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

The RLTA allows prevailing parties to recover the costs of suit and reasonable attorney's fees. RCW 59.18.290. However, where a person does not occupy his or her residence "pursuant to a rental agreement establishing a landlord-tenant relationship," the RLTA is inapplicable and no attorney fees are available to the prevailing party. *Fed. Nat'l Mortg. Ass'n v. Steinmann*, 181 Wn.2d 753, 755-56, 336 P.3d 614 (2014).

We review questions of statutory interpretation de novo. *State v. Reeves*, 184 Wn. App. 154, 158, 336 P.3d 105 (2014). In interpreting statutes, our goal is to "ascertain and carry out the legislature's intent." *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We give

effect to the plain meaning of the statute as "derived from the context of the entire act as well as any 'related statutes which disclose legislative intent about the provision in question.'" *Jametsky*, 179 Wn.2d at 762 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)). We "need not consider outside sources if a statute is unambiguous." *Jametsky*, 179 Wn.2d at 762.

II.     THE RLTA

In this case, neither party disputes that the RLTA, if applicable, would authorize award of attorney fees to the Parsons. *See* RCW 59.18.290(2). They dispute whether the RLTA applies.

Mierz contends it does not. Specifically, Mierz argues that he was not a "tenant," the Parsons were not his "landlords," and the parties did not have a "rental agreement" under the definitions of the RLTA. He argues that because the Parsons did not lease him a "dwelling unit," the other statutory definitions are inapplicable, and the trial court erred by awarding the Parsons their attorney fees under the RLTA. We agree.

The RLTA applies to Mierz's eviction only if Mierz occupied his motor home "pursuant to a rental agreement establishing a landlord-tenant relationship." *Fed. Nat'l Mortg. Ass'n*, 181 Wn.2d at 755. Therefore, the RLTA only applies if (1) there is a rental agreement, (2) Mierz is a tenant, and (3) the Parsons are landlords. *Fed. Nat'l Mortg. Ass'n*, 181 Wn.2d at 755.

A.     Dwelling Unit

Mierz argues that he has only rented Space 9 from the Parsons and that it is an "arbitrarily designated portion of real property" that does not meet the definition of "dwelling unit." Br. of Appellant at 8. This argument is critical to his other arguments, as the definitions of "rental agreement," "tenant," and "landlord" all incorporate the definition of "dwelling unit." RCW 59.18.030(14), (25), (27).

4

The RLTA defines "dwelling unit" as "a structure or that part of a structure which is used as a home, residence, or sleeping place . . . including but not limited to single-family residences and units of multiplexes, apartment buildings, and mobile homes." RCW 59.18.030(9). Though the statute does not provide any definition of "structure," nontechnical words may be given their dictionary definition. *State v. Chester*, 133 Wn.2d 15, 22, 940 P.2d 1374 (1997). Black's Law Dictionary provides that a "structure" is "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together." BLACK'S LAW DICTIONARY 1464 (8th ed., 2004). Webster's Dictionary defines "structure" to include: "something constructed or built," as well as "something made up of more or less interdependent elements or parts." WEBSTER'S THIRD NEW INT'L DICTIONARY 2267 (2002).

Space 9 is not a "structure" under any ordinary meaning of that term. The Parsons' argument that Space 9 constitutes a "sleeping space" ignores the requirement that a dwelling unit be a "structure" or "part of a structure." Br. of Resp't at 7-8. Therefore, the space Mierz rented from the Parsons to park his motor home and hook up utility lines was not a "dwelling unit." We next apply this conclusion to the critical terms in the statute: "rental agreement," "tenant," and "landlord."

B.      Rental Agreement

Mierz argues that his arrangement with the Parsons was not a "rental agreement" under the RLTA.

"Rental agreement" is defined by the RLTA as "all agreements which establish or modify the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of a dwelling unit." RCW 59.18.030(25).

Space 9 is not a "dwelling unit." The agreement between Mierz and the Parsons was for the rental of ground space and utilities. Therefore, there is no "rental agreement" as defined by the RLTA.

C.      Tenant

Mierz argues that he is not a "tenant" of the Parsons because he is not "entitled to occupy a dwelling unit" by nature of his rental agreement with the Parsons. Br. of Appellant at 7. He argues that he may "occupy his recreational vehicle wherever and whenever he chooses because he owns it." Br. of Appellant at 7.

The RLTA defines a "tenant" as "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement." RCW 59.18.030(27). Whether Mierz was the Parsons' "tenant" turns on whether or not the space he rented from them constituted a "dwelling unit" under the RLTA and whether his arrangement with the Parsons was a "rental agreement." RCW 59.18.030(9), (25).

Again, Space 9 is not a dwelling unit. Although the location of his motor home on Space 9 was controlled by agreement, Mierz's occupancy of the motor home itself was unaffected. Therefore, Mierz was not the Parsons' tenant under the RLTA.

D.      Landlord

Because the Parsons did not rent a "dwelling unit" to Mierz, he argues they are not his "landlord."

A "landlord" under the RLTA is defined as the "owner, lessor, or sublessor of the dwelling unit or the property of which it is a part." RCW 59.18.030(14). The RLTA further defines "property" as "all dwelling units on a contiguous quantity of land managed by the same landlord as a single, rental complex." RCW 59.18.030(19). Reading these definitions together, therefore,

indicates that a "landlord" is someone who owns "the dwelling unit" or "all dwelling units on a contiguous quantity of land" of which an individual dwelling unit is part. RCW 59.18.030(19).

Though Space 9 is not a "dwelling unit," the Parsons argue that they are landlords because Space 9 was the "property" of which Mierz's motor home was a part. Their argument ignores that "property" is defined in the RLTA and "'[t]he statutory definition of a term controls its interpretation.'" *State v. Evans*, 164 Wn. App. 629, 634, 265 P.3d 179 (2011) (quoting *State v. Morris*, 77 Wn. App. 948, 950, 896 P.2d 81 (1995)). Here, the Parsons owned only the spaces to which motor home owners hooked up their individual units. They neither owned a dwelling unit, nor all of the dwelling units on a contiguous quantity of land. Therefore, they were not landlords under the RLTA.

E.     Conclusion

Where a person does not occupy his or her residence "pursuant to a rental agreement establishing a landlord-tenant relationship," under the RLTA, no attorney fees are available for the prevailing party. *Fed. Nat'l Mortg. Ass'n*, 181 Wn.2d at 755-56. Because there was no rental agreement for a dwelling unit, Mierz was not a "tenant" as defined in the RLTA, and the Parsons were not "landlords" as defined in the RLTA, the RLTA does not apply to Mierz's eviction and the trial court erred by awarding attorney fees.

III.     ATTORNEY FEES

The Parsons request an award of reasonable attorney fees and costs on appeal pursuant to the RLTA.

RAP 18.1(a) provides that if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses." The request must include argument and

citation to authority to advise us of the appropriate grounds for an award of attorney fees and costs. *Osborne v. Seymour*, 164 Wn. App. 820, 866, 265 P.3d 917 (2011). The Parsons have cited RCW 59.18.290(2) and 59.18.410 as grounds for their recovery of attorney fees.

The RLTA provides that "'the prevailing party [in an unlawful detainer action regarding a holdover tenant] may recover his or her costs of suit . . . and reasonable attorney's fees.'" *Faciszewski v. Brown*, 187 Wn.2d 308, 324, 386 P.3d 711 (2016) (quoting RCW 59.18.290(2)). Because the Parsons are not prevailing parties on appeal, we decline to award them costs or attorney fees.

We reverse and remand to the superior court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, J.

_____
Lee, A.C.J.