IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CARL COOK,

                Appellant,

      v.

CURTIS THOMPSON,

                Respondent,

MARINA OLEGOVNA KOVENA, AND
ALL OTHER OCCUPANTS,

                Defendants.

No. 82152-1-I

DIVISION ONE

UNPUBLISHED OPINION

CHUN, J. — Carl Cook appeals the trial court's dismissal of his unlawful detainer action to evict Curtis Thompson following a nonjudicial foreclosure sale. The trustee failed to provide a notice of foreclosure and Cook lacked standing to pursue the eviction. We thus affirm.

## I. BACKGROUND

Thompson owned residential property in Everett, Washington. He borrowed money from Cook to satisfy a delinquent mortgage and secured the loan by executing a deed of trust naming Quantum Equities, LLC (Quantum) as beneficiary.[1]

---

[1] Cook, Quantum's managing director, was not identified as a beneficiary.

Citations and pin cites are based on the Westlaw online version of the cited material.

Thompson defaulted on the loan.  Anthony Mensik then recorded a notice of trustee's sale in December 2019.  Thompson did not seek to restrain the sale. Quantum bought the property at the foreclosure sale in April 2020.  Thompson did not vacate the property, so Cook initiated an unlawful detainer action against Thompson and all other occupants of the property.

Only Cook and Thompson testified at trial.[2]  Representing himself, Cook asserted that (1) Mensik was an authorized trustee, (2) Thompson waived any defenses to the foreclosure sale, (3) he took ownership of the property, and (4) he gave Thompson notice to vacate.  Thompson responded that (1) Mensik was not a valid trustee, (2) Mensik failed to issue a notice of foreclosure, and (3) Cook did not own the property.  The trial court dismissed the unlawful detainer action, concluding that the trustee's sale was invalid and Cook lacked standing.  Cook appeals.

## II.  ANALYSIS

Preliminarily, we note that Cook represents himself on appeal.  We hold self-represented litigants to the same standards as attorneys and expect them to follow the rules of appellate procedure.  In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant

---

[2] None of the other defendants appeared at trial, and they are not parties to this appeal.

parts of the record." RAP 10.3(a)(6). We will not search through the record for evidence relevant to a party's arguments or for applicable legal authorities. Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989). The appellant also bears the burden of providing a sufficient record to review the issues raised on appeal. RAP 9.6; Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

With few exceptions, Cook violates these rules. First, he provides only a few citations to the record to support multiple pages of factual assertions. RAP 10.3(a)(5) requires that "[r]eference to the record must be included for each factual statement." We may decline to consider issues unsupported by references to the record. State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989). Second, his 31 pages of argument fail to present meaningful legal analysis for most of the issues raised. Failure to identify specific legal issues or cite applicable authority may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). Finally, Cook's failure to designate the 14 trial exhibits leaves us with an inadequate record, so our review is limited to the designated clerk's papers and the verbatim report of trial court proceedings. See Happy Bunch, LLC v. Grandview N., LLC, 142 Wn. App. 81, 90, 173 P.3d 959 (2007).

Despite these deficiencies and inadequate record, to the extent possible, we address the issues Cook raises.[3]

A. Legal Principles and Standard of Review

The "Deeds of Trust Act" (DTA), chapter 61.24 RCW, "creates a three-party mortgage system allowing lenders, when payment default occurs, to nonjudicially foreclose by trustee's sale." Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 568, 276 P.3d 1277 (2012). To begin foreclosure proceedings, the trustee must serve and record (1) a notice of trustee's sale and (2) a notice of foreclosure at least 120 days before the sale. RCW 61.24.040(1)(a) and .040(4).[4] "A trustee's failure to strictly comply with the DTA divests the trustee of statutory authority to conduct a trustee's sale and renders any such sale invalid." River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 93, 395 P.3d 1071 (2017) (citing Albice, 174 Wn.2d at 568).

The DTA provides a procedure for restraining a trustee's sale under RCW 61.24.130. Failure to sue as outlined under this procedure "may result in a

---

[3] Cook lists 18 overlapping assignments error but not all of them warrant review. He says the trial court erred by believing Thompson's testimony, but we do not review credibility determinations. State v. Davis, 182 Wn.2d 222, 227, 340 P.3d 820 (2014). He makes several claims of error about a "pending Motion for Accounting before the trial court." None of that material is in the record, so we will not consider it. He assigns error to an evidentiary ruling yet fails to support the issue with legal argument and record citations. We consider this claim abandoned.

[4] The notice in RCW 61.24.040(4) requires, among other things, (1) a "description of the action necessary to cure the default and a description of the documentation necessary to show that the default has been cured," (2) an explanation of how to "reinstate" the deed of trust and legal avenues the borrower may pursue, and (3) a warning that "if you do not succeed in restraining the sale by court action, your property will be sold."

waiver of any proper grounds for invalidating the Trustee's sale." RCW 61.24.040(2)(d)(IX). Waiver occurs if the party "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." Albice, 174 Wn.2d at 569.

"[A]fter the trustee's sale takes place, the purchaser is entitled to possession of the property after 20 days as against the borrower if the purchaser provided proper notices under the DTA." River Stone, 199 Wn. App. at 93 (citing RCW 61.24.060(1)). "The purchaser shall also have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060(1). In turn, RCW 59.12.032 requires an "unlawful detainer action, commenced as a result of a trustee's sale under chapter 61.24 RCW, [to] comply with the requirements of RCW 61.24.040 and 61.24.060."

Only limited issues may be raised in the unlawful detainer action because the purpose is to provide a speedy resolution of the right to possession of real property. Fed. Nat. Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382-83, 353 P.3d 644 (2015). Thus, such actions are "limited to the question of possession and related issues" and do not provide a forum for litigating claims to title or challenges to the foreclosure action. Id. at 382.

We review a trial court's findings of fact in an unlawful detainer action for substantial evidence, and we review its conclusions of law de novo. Tedford v. Guy, 13 Wn. App. 2d 1, 12, 462 P.3d 869 (2020). Substantial evidence is

"evidence sufficient in quantum to persuade a fair-minded person that a given premise is the truth." Phillips v. Hardwick, 29 Wn. App. 382, 387, 629 P.2d 506 (1981). Unchallenged findings of fact are verities on appeal.[5] Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015).

### B. Nonjudicial Foreclosure Sale

Cook contends the trial court erred by invalidating the trustee's sale because Mensik complied with all statutory notice provisions. While it is undisputed Thompson received a notice of trustee's sale, Cook cites no evidence in the record showing Mensik gave Thompson a notice of foreclosure. Thompson also argued this point at trial. Thus, the trial court concluded the trustee's sale was not valid because Mensik neither provided proper notice of the foreclosure sale to Thompson nor gave Thompson notice of his rights and remedies in RCW 61.24.040(4). We see no error.[6]

### C. Unlawful Detainer Action

Next, Cook says he owned the property when he sued so the trial court erred in ruling he lacked standing to sue for eviction on the property. The record

---

[5] Cook assails many of the trial court's factual findings. But he fails to show "why specific findings of the trial court are not supported by the evidence [or] cite to the record to support that argument." In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). Thus, we conclude the findings are verities on appeal. See Starczewski v. Unigard Ins. Grp., 61 Wn. App. 267, 276, 810 P.2d 58 (1991) ("The trial court's findings will be taken as verities if the party challenging them does not supply citations to the record in support of the challenges.").

[6] Cook also contends Thompson's failure to restrain the foreclosure sale waived his rights to later challenge the sale for defects. We disagree because Thompson never received the required notice of foreclosure, which informs borrowers how to enjoin a trustee's sale. RCW 61.24.040(4). Thus, Thompson did not waive his defenses under the DTA. See Albice, 174 Wn.2d at 569.

establishes that Quantum was the beneficiary on the deed of trust and Cook acknowledges Quantum bought the property at issue. Cook did not give the trial court any proof that Quantum assigned its interest in the property to him. He now states he "never had reason to anticipate that [such proof] would be raised as an issue" at trial. Without proof of ownership, the trial court properly dismissed Cook's unlawful detainer action for lack of standing.[7]

D. Attorney Fees

Thompson requests attorney fees under RAP 18.1, claiming RCW 59.18.290 entitles him to fees as the prevailing party in the unlawful detainer action. RCW 59.18.290 is a fee provision under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, not the DTA. Thus, where a person does not occupy his or her residence "pursuant to a rental agreement establishing a landlord-tenant relationship," the RLTA is inapplicable and no attorney fees are available to the prevailing party. Fannie Mae v. Steinmann, 181 Wn.2d 753, 755-56, 336 P.3d 614 (2014) (no attorney fees awarded in an unlawful detainer action following a trustee's sale, noting that "[t]he unlawful detainer statute contains no provision for the award of attorney fees"). Thompson was not occupying the property as a tenant subject to a rental agreement. We deny the request.

---

[7] Cf. Selene RMOF II REO Acquisitions II, LLC v. Ward, 189 Wn.2d 72, 80-81, 399 P.3d 1118 (2017) (holding because the original purchaser at a trustee's sale "conveyed its entire interest to Selene, Selene may pursue the unlawful detainer action under RCW 61.24.060(1) to obtain possession of the conveyed property").

We affirm.[8]

_Chun, J._

WE CONCUR:

_Brunner, J._          _Appelwick, J._

---

[8] Since we affirm the trustee's sale was invalid and Cook lacked standing to evict Thompson, we need not reach Cook's remaining claims about Mensik's qualifications and exceptions to the Washington Governor's eviction moratorium.  But even if we did, his claims do not appear meritorious.  The trustee's sale was invalid despite Mensik's qualifications and Cook lacked standing to maintain an unlawful detainer action even if he had identified an exception to the Governor's eviction moratorium.

Also, we deny Cook's "Motion to Rescind Appellant's Trustees Deed and to Reinstate Appellant's Deed of trust in the Chain of Title."